Joseph Sluzar, Esq. Informal Opinion No. 99-32 Village Attorney Village of Endicott 2706 East Main Street Endicott, New York 13760
Dear Mr. Sluzar:
You have inquired as to whether there is a procedure whereby residents of the Village of Endicott (the "Village") or of the West Endicott Fire District (the "District") may, through petition, compel a public referendum on whether the District's Board of Fire Commissioners should enter into a contract with the Village for the latter to provide fire protection services to all or part of the District, or to require that the District's Commissioners consider a contract for these services.[1]
Fire districts are governed by article 11 of the Town Law. Section 176(22) of that law provides that fire district commissioners may
 contract for the furnishing of fire protection within the fire district with any . . . village . . . fire company having its headquarters outside such fire district and maintaining adequate and suitable apparatus and appliances for the furnishing of fire protection in such district . . . provided the fire department of said district is, in the judgment of such fire commissioners, unable to render adequate and prompt fire protection to such district or any area thereof.
You have advised us that the Village has a paid professional fire department. The District, which has a volunteer fire department, is adjacent to the Village. Certain residents of the Village and the District have expressed an interest in having the Village provide fire protection services to all or part of the District.
The Attorney General has previously concluded that a referendum may be held by a local government only in accordance with an express authorization by the State Legislature. See, Op Atty Gen (Inf) No. 93-13; 1980 Op Atty Gen (Inf) 221. The rationale for this conclusion was set forth in Matter of McCabe v. Voorhis, 243 N.Y. 401 (1926):
 Direct legislation in cities [or other municipalities] must always rest on some constitutional or statutory grant of power. Government by representation is still the rule. Direct action by the people is the exception. 243 N Y at 413.
For example, specific provisions of the Town Law make certain matters relating to fire districts subject to referendum. See, Town Law §170(1) and (4), § 171(1) (establishment and extension of fire districts and dissolution of existing water districts); § 172 (consolidation of fire districts); § 172-b (consolidation of fire protection districts); and § 172-c (alteration of boundaries of fire protection districts).
The Legislature has not made the provisions of Town Law § 176(22) subject to referendum. Therefore, we conclude that neither the residents of the Village nor the District may compel a referendum on the issue of whether the District should enter into a contract with the Village to provide fire protection services to all or a portion of the District. The Legislature explicitly has left that determination to the judgment of the District's Board of Fire Commissioners.
Just as the Legislature has not made the provisions of Town Law §176(22) subject to referendum, it has not mandated that a board of fire commissioners consider a contract upon the receipt of a petition requesting it to do so. Consideration of a contract is in the sole discretion of the Commissioners. Therefore, we further conclude that the District's Board of Fire Commissioners may not be compelled, by petition of the residents of the Village or the District, to vote on this issue.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General
[1] In a telephone conversation, you clarified your written request.